## American Brewing Co. v. The Berner-Mayer Co., for the use of the Dime Savings and Banking Co.

1. ACCOUNT STATED—*What is a Sufficient Showing.*—If a fixed and certain sum is admitted to be due to a plaintiff, for which an action will lie, it will be evidence to support a count on an account stated.

2. SAME—*Evidence of the Original Debt Unimportant.*—In an action upon an account stated, the original form or evidence of the debt is unimportant, for the stating of the account changes the character of the cause of action and is in the nature of a new undertaking.

3. SAME—*Action Not Founded upon the Original Undertaking.*—An action of account stated is not founded upon the original contract, but upon the promise to pay the balance ascertained.

4. PLEADING—*Copy of Account Sued on.*—A copy of the account sued on and filed with the declaration is no part of the declaration.

Assumpsit, on an account stated. Trial in the Superior Court of Cook County; the Hon. JOSEPH E. GARY, Judge, presiding. Verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the October term, 1898. Affirmed. Opinion filed June 29, 1899.

O'DONNELL & COGHLAN, attorneys for appellant.

ARTHUR B. FLEAGER, attorney for appellee; S. S. PAGE, of counsel.

MR. JUSTICE ADAMS delivered the opinion of the court.

This is an appeal from a judgment rendered in favor of appellee and against appellant in an action of assumpsit.

The declaration contained the common counts, including a count on an account stated. The appellant pleaded the general issue and filed an affidavit of merits stating that it had a good defense to appellee's claim, except as to the sum of $600. Appellee introduced in evidence the answer of appellant in a garnishment proceeding in the Circuit Court of Cook County, in a cause entitled the Berner-Mayer Company for the use of Chancellor L. Jenks v. American Brewing Company, garnisher, which answer contains the following:

"In answer to the sixth interrogatory the said American Brewing Company says that about the 10th day of December, A. D. 1897, it was indebted to the Berner-Mayer Company in the sum of seven hundred and sixty-eight dollars and six cents ($768.06).

That about the 20th day of December, A. D. 1897, and prior to the commencement of this suit, said defendant, American Brewing Company, received notice of the assignment of said claim by said Berner-Mayer Company to the Dime Savings and Banking Company of Cleveland, Ohio, and the acceptance thereof by said Dime Savings and Banking Company."

Appellee also introduced in evidence certain contracts between the parties for work done by appellee for appellant at certain specified prices. Appellant introduced no evidence, and the court instructed the jury to return a verdict for appellee for the sum of $768.06, which was done, and judgment was rendered on the verdict.

Appellant's counsel objected to the introduction in evidence of the answer in the garnishee case, claiming that it was incompetent. We think it was clearly competent in support of the count on an account stated. Chitty says : "The present rule is, that if a fixed and certain sum is admitted to be due to a plaintiff, for which an action would lie, that will be evidence to support a count on an account stated." 1 Chitty on Pl., 9th Am. Ed., 358.

Moreover, the answer was by appellant, a party to this and the former record, appellee being also a party to both records, and was admissible as an admission of record. 1 Greenl. on Ev., 13th Ed., Sec. 171.

Appellant's counsel contend that the bill of particulars filed with the declaration, which contains numerous items, is a part of the declaration, and that the garnishee's answer did not tend to prove any of those items. In Missouri River Telegraph Co. v. National Bank, etc., 74 Ill. 217, the trial court sustained a demurrer to a declaration containing the common counts. No account was filed with the declaration. The court, after holding that it was error to sustain the demurrer to the common counts, say: "This court has held that such account is no part of the declaration, and we can hardly see how it ever became necessary to make such a decision, as any one at all conversant with the elementary principles of pleading must see that it can form no part of the declaration." Ib. 222.

In Throop et al. v. Sherwood, 4 Gilm. 92, the court say: "In an action upon an account stated, the original form or evidence of the debt is unimportant, for the stating of the account changes the character of the cause of action, and is in the nature of a new undertaking. The action is founded, not upon the original contract, but upon the promise to pay the balance ascertained," citing cases. One of the items in the bill of particulars is, "To balance due on account stated, $1,500."

The judgment is affirmed.